**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

SHARRON PARKER, )
)
                  Plaintiff, ) **CIVIL ACTION**
)
v. ) No. 08-1038-MLB
)
THE UNIFIED GOVERNMENT OF )
WYANDOTTE COUNTY/ KANSAS CITY, )
KANSAS, )
)
                  Defendant. )
)

**MEMORANDUM AND ORDER**

    This matter comes before the court on defendant Unified Government of Wyandotte County/Kansas City, Kansas's motion for summary judgment. (Doc. 71). The motion has been fully briefed and is ripe for adjudication. (Docs. 72, 77, 78, 83). The motion is granted for the reasons stated more fully herein.

    Pro se plaintiff Sharron Parker filed suit against defendant Unified Government of Wyandotte County/Kansas City, Kansas, alleging that her employer her employer Board of Public Utilities discriminated against her on the basis of disability in violation of the American with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.

**I.    FACTS**[1]

    The following facts are either uncontroverted or, if controverted, taken in the light most favorable, along with all favorable inferences, to plaintiff. See Hall v. United Parcel Serv., No. Civ. A. 992467-CM, 2000 WL 1114841, at *5 (D. Kan. July 31, 2000)

---

[1]The court discusses only those facts relevant to its decision.

(citing Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998)). To the extent relevant, the factual disagreements between the parties will be noted.

In 2003 and 2004, plaintiff was evaluated and prescribed work restrictions by several doctors. On July 19, 2004, defendant informed plaintiff by letter dated July 14, 2004, that these evaluations and restrictions disqualified her from "performing the essential functions of the EEO/AA Officer position." (Doc. 72-2 at 4). Defendant informed plaintiff of five different employment options that she could pursue. Plaintiff regularly pursued the bid board in search of another position for which she was qualified. However, plaintiff was unsuccessful.

On January 20, 2005, defendant notified plaintiff by certified mail of her termination.[2] Plaintiff filed a charge of discrimination with Office of Federal Contract Compliance Programs ("OFCCP") on November 17, 2005. Plaintiff alleges that she was wrongfully terminated from her position as an EEO/AA officer with defendant.

## II. STANDARDS

Before analyzing defendants' motion for summary judgment, the court notes plaintiff is not represented by counsel. It has long been the rule that pro se pleadings, including complaints and pleadings connected with summary judgment, must be liberally construed. See Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991); Hill v. Corrections Corp. of America, 14 F. Supp.2d 1235, 1237 (D. Kan. 1998). This rule requires the court to look beyond a failure to cite proper

---

[2]Defendant paid plaintiff through March 3, 2005.

legal authority, confusion of legal theories, and poor syntax or sentence construction. See Hall, 935 F.2d at 1110. Liberal construction does not, however, require this court to assume the role of advocate for the pro se litigant. See id. Plaintiff is expected to construct her own arguments or theories and adhere to the same rules of procedure that govern any other litigant in this district. See id.; Hill, 14 F. Supp.2d at 1237. Additionally, the court need not accept as true plaintiff's conclusory allegations because no special legal training is required to recount the facts surrounding alleged injuries. See Hill, 14 F. Supp.2d at 1237. Thus, the court is required to accept as true only plaintiff's well-pleaded and supported factual contentions. See id. In the end, plaintiff's pro se status, in and of itself, does not prevent this court from granting summary judgment. See Northington v. Jackson, 973 F.2d 1518, 1521 (10th Cir. 1992).

The usual and primary purpose of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." An issue is "genuine" if sufficient evidence exists on each side "so that a rational trier of fact could resolve the issue either way" and "[a]n issue is 'material' if under the substantive law it is essential to the proper disposition of the claim." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998) (citations omitted); see also Adams v. American Guarantee &

Liability Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000) (citing Adler). The mere existence of some factual dispute will not defeat an otherwise properly supported motion for summary judgment because the factual dispute must be material. See Renfro v. City of Emporia, 948 F.2d 1529, 1533 (10th Cir. 1991).

Defendant initially must show both an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. See Adler, 144 F.3d at 670. Because plaintiff bears the burden of proof at trial, defendant need not "support [its] motion with affidavits or other similar materials negating [plaintiff's]" claims or defenses. Celotex, 477 U.S. at 323 (emphasis in original). Rather, defendant can satisfy its obligation simply by pointing out the absence of evidence on an essential element of plaintiff's claim. See Adler, 144 F.3d at 671 (citing Celotex, 477 U.S. at 325).

If defendant properly supports its motion, the burden then shifts to plaintiff, who may not rest upon the mere allegation or denials of her pleading, but must set forth specific facts showing that there is a genuine issue for trial. See Mitchell v. City of Moore, 218 F.3d 1190, 1197-98 (10th Cir. 2000). In setting forward these specific facts, plaintiff must identify the facts "by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." Adler, 144 F.3d at 671. If the evidence offered in opposition to summary judgment is merely colorable or is not significantly probative, summary judgment may be granted. See Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 533 (10th Cir. 1994). Plaintiff "cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope

-4-

that something will turn up at trial." Conaway v. Smith, 853 F.2d 789, 793 (10th Cir. 1988). Put simply, plaintiff must "do more than simply show there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

Certain local rules further govern the presentation of facts and evidence. Local Rule 56.1 requires the movant to set forth a concise statement of material facts. D. Kan. Rule 56.1. Each fact must appear in a separately numbered paragraph and each paragraph must refer with particularity to the portion of the record upon which the defendant relies. See id. The opposing memorandum must contain a similar statement of facts. Plaintiff must number each fact in dispute, refer with particularity to those portions of the record upon which he relies and, if applicable, state the number of the defendants' fact that he disputes. The court may, <u>but is not obligated to</u>, search for and consider evidence in the record that would rebut the defendant's evidence, but that plaintiff has failed to cite. See Mitchell, 218 F.3d at 1199; Adler, 144 F.3d at 672. All material facts set forth in the statement of defendant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of plaintiff. See id.; Gullickson v. Southwest Airlines Pilots' Ass'n, 87 F.3d 1176, 1183 (10th Cir. 1996) (applying local rules of District of Utah). A standing order of this court also precludes drawing inferences or making arguments within the statement of facts.

The parties need not present evidence in a form that would be admissible at trial, but the content or substance of the evidence must

be admissible. See Thomas v. Int'l Bus. Machs., 48 F.3d 478, 485 (10th Cir. 1995) (internal quotations and citations omitted). For example, hearsay testimony that would be inadmissible at trial may not be included. See Adams, 233 F.3d at 1246. Similarly, the court will disregard conclusory statements and statements not based on personal knowledge. See Cole v. Ruidoso Mun. Schs., 43 F.3d 1373, 1382 (10th Cir. 1994) (regarding conclusory statements); Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541 (10th Cir. 1995) (requiring personal knowledge). Finally, the court may disregard facts supported only by references to documents unless the parties have stipulated to the admissibility of the documents or the documents have been authenticated by and attached to an affidavit meeting the requirements of Rule 56(e). See Fed. R. Civ. P. 56(e); D. Kan. Rule 56.1; 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2722 (2d ed. 1983) (footnotes omitted).

In the end, when confronted with a fully briefed motion for summary judgment, the court must determine "whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). If sufficient evidence exists on which a trier of fact could reasonably find for the plaintiff, summary judgment is inappropriate. See Prenalta Corp. v. Colo. Interstate Gas Co., 944 F.2d 677, 684 (10th Cir. 1991).

**III. ANALYSIS**

    **1. Timeliness**

Defendant contends that plaintiff's ADA claim is untimely.

Under the ADA, plaintiff must exhaust her administrative remedies as a prerequisite to federal court jurisdiction. MacKenzie v. City and County of Denver, 414 F.3d 1266, 1274 (10th Cir. 2005). "Because Kansas is a so-called 'deferral state,'" a plaintiff must file an administrative charge within 300 days of the alleged discriminatory employment action to be timely. Patton v. AFG Industries, Inc., 92 F. Supp.2d 1200, 1204 (D. Kan. 2000). A cause of action arises at the time the employee receives notice of an adverse employment decision. Proctor v. United Parcel Service, 502 F.3d 1200, 1206 (10th Cir. 2007). "An employee receives notice of an 'adverse employment decision when a particular event or decision is announced by the employer.'" Id. (quoting Hulsey v. Kmart, Inc., 43 F.3d 555, 557 (10th Cir. 1994)).

Defendant notified plaintiff on July 19, 2004, that she was disqualified from performing the functions of her position as EEO/AA Officer. Defendant terminated plaintiff on January 20, 2005. Plaintiff filed her claim with the OFCCP on November 17, 2005.

Defendant contends that July 19, 2004, was the date plaintiff received notice of an adverse employment action, which started the 300-day clock. Even if the court uses January 20, 2005, as the date plaintiff's cause of action accrued, 301 days passed before plaintiff filed her charge with the OFCCP on November 17. Plaintiff would have needed to file by November 16, 2005, to be within 300 days.[3] Therefore, plaintiff's ADA claim is untimely.

The court also finds that plaintiff has not demonstrated the sort

---

[3] Regardless of her pro se status, plaintiff was an EEO/AA officer and should have been aware of the 300-day limitation.

of exceptional circumstances that justify equitable tolling of the filing deadline. Plaintiff does not allege that she was misled by some extraordinary circumstance or that defendant actively deceived her into not asserting her rights. See McCall v. Board of Com'rs of County of Shawnee, Kansas, 291 F. Supp.2d 1216, 1223 (D. Kan. 2003). At most, plaintiff has shown that defendant worked with plaintiff in effort to secure a different position and receive any benefits in which she was entitled to. At no time did defendant's position concerning plaintiff's termination as the EEO/AA Officer change or get postponed. Therefore, equitable tolling of the 300-day period is not appropriate.

**IV. CONCLUSION**

Because plaintiff failed to timely exhaust her administrative remedies, the court lacks jurisdiction over her ADA claim. Defendant's motion for summary judgment (Doc. 71) is granted. The clerk is directed to enter judgment for defendant pursuant to Rule 58.

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall

strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

IT IS SO ORDERED.

Dated this __14th__ day of January 2010, at Wichita, Kansas.

<pre>
                                   s/ Monti Belot
                                   Monti L. Belot
                                   UNITED STATES DISTRICT JUDGE
</pre>